Christopher C. Simpson, Bar No. 018626
Warren J. Stapleton, Bar No. 018646
Andrew B. Haynes, Bar No. 037755
**OSBORN MALEDON, P.A.**
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2793
Telephone: (602) 640-9000
Facsimile: (602) 640-9050
E-mail: csimpson@omlaw.com
wstapleton@omlaw.com
ahaynes@omlaw.com

*Counsel for Diamond Elite Community LLC*



# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DIAMOND ELITE COMMUNITY LLC,<br><br>Debtor(s). | Chapter 11 Proceedings<br><br>Case No. 4:23-bk-02643-BMW<br><br>**DEBTOR'S MOTION TO DISMISS CASE** |

Pursuant to 11 U.S.C. § 1112(b), Diamond Elite Community LLC, debtor and debtor-in-possession in the above referenced case (the "**Debtor**"), respectfully moves this Court for an order dismissing this bankruptcy case (this "**Motion**"). This Motion is supported by the following Memorandum of Points and Authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.  Background.**

On April 25, 2023, Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. The filing was an effort to prevent its only then monetizable asset, a large piece of real estate in Casa Grande, Arizona (the "**Property**"), from being lost to foreclosure. Unfortunately, while represented by former counsel, Debtor filed its petition only after lender Okoa Capital LLC ("**Okoa Capital**") purchased the Property at a trustee's sale. This, of course, negatively impacted Debtor's rights in, and bargaining power with respect to, the Property. Nonetheless, Debtor's current counsel has

successfully negotiated with Okoa Capital to allow a third party designated by the Debtor to repurchase the Property from Okoa Capital.

Because the Debtor has been able to negotiate the above mentioned third-party purchase of the Property with Okoa Capital, there is no further present purpose for the bankruptcy, and the case is well positioned for dismissal. This case is still in its earliest stages. There has been no section 341 meeting of creditors, and the Debtor has yet to file its schedules and statement of financial affairs. The Debtor is managing its assets as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, and no request for the appointment of a trustee or examiner has been made in this case. No committees have been appointed or designated. A Master Mailing List was filed on May 3, 2023 [Docket No. 5]. The Master Mailing List is under 20 creditors, such that the Debtor is currently noticing the entire Master Mailing List in lieu of the 20 Largest Unsecured Creditors. In short, dismissal would cause little disruption for the court and any other potential parties in interest.

**II.  Argument.**

Section 1112(b) of the Bankruptcy Code permits dismissal of a case when dismissal is in the best interests of creditors and the estate. Dismissal is plainly in the best interests of creditors and the estate here, as the Debtor essentially has no assets to administer following the trustee's sale apart from perhaps speculative litigation claims against prior counsel. The Debtor is attempting to work out any remaining dispute over the Property with its lender, and this negotiation is best suited to occur outside of bankruptcy. Moreover, conversion to chapter 7 would simply saddle the chapter 7 trustee with the administrative burden of dissolving the estate with no assets to fund its efforts.

A.  <u>Legal Standard.</u>

Section 1112(b)(1) provides that, "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…" Thus, upon request of a party in interest, the court must determine

whether cause exists to convert or dismiss the case, and, if so, whether conversion or dismissal is in the best interests of creditors and the estate.

### B.  Cause Exists to Dismiss this Case.

Although § 1112(b)(4) contains a list of examples of items that satisfy the cause standard, the list is illustrative rather than exhaustive. *See, e.g.*, *In re Consol. Pioneer Mortg. Entities*, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000), *aff'd*, 264 F.3d 803 (9th Cir. 2001). In exercising its wide discretion to determine what constitutes cause for dismissal, the court should "use its equitable powers to reach the appropriate result in individual cases." *In re Kent*, 2008 WL 5047799 at *6 (Bankr. D. Ariz. Sep. 23, 2008) (internal quotations omitted) (granting debtor's voluntary motion to dismiss when debtor reached settlement with main creditor that forced bankruptcy filing, and dismissal would create tax benefits to debtor and avoid burden of administrative expenses).

Moreover, given the unique nature of requests for voluntary dismissals (as opposed to dismissals sought by creditors or trustees),[1] many courts have analogized to § 707 and the caselaw interpreting it, concluding that "generally, a debtor wishing dismissal of a case should obtain this result in all but extraordinary situations." *In re Kimble*, 96 B.R. 305, 308 (Bankr. D. Mont. 1988) (citing *Geller*, 74 B.R. at 688). "[T]he Debtor's request [for dismissal] should ordinarily be granted unless some 'plain legal prejudice' will result to other creditors." *Kimble*, 74 B.R. at 308 (citing *In re Hall*, 15 B.R. 913, 915-16 (9th Cir. BAP 1981); and *In re International Airport Inn Partnership*, 517 F.2d 510 (9th Cir. 1975)). The court in *Kimble*, for instance, granted the debtor's motion to dismiss the case because it found that dismissal would cause no plain legal prejudice to other creditors when no post-petition transfers had been alleged, no preferences had been alleged, and no loss to the estate from the debtor's actions had been shown. *Id.*

---

[1] As courts have noted, many "ironies" pervade voluntary motions to dismiss, arising from a number of causes, not the least of which is that "dismissal is generally the ultimate *penalty*" imposed on a debtor. *In re Geller*, 74 B.R. 685, 688 (Bankr. E.D. Pa. 1987) (emphasis in the original).

Here, as in the cases cited above, equitable and prudential considerations support a finding that cause exists under § 1112(b). As in *Kent*, where the court granted the debtor's motion to voluntarily dismiss the case when the debtor reached a resolution with its primary creditor and dismissal allowed the debtor to avoid the administrative expense of remaining in bankruptcy, here the Debtor has reached an out-of-court resolution with its primary lender and neither the Debtor nor its creditors would benefit from remaining in bankruptcy given the considerable administrative and legal fees attendant therewith. Moreover, as in *Kimble* and *Geller*, dismissal would not result in "plain legal prejudice" to creditors nor are there any out-of-the-ordinary considerations that would justify denying the Debtor's request for dismissal.

In short, the Court should find that "cause" exists under § 1112(b). Additionally, and for the reasons below, dismissal, rather than conversion, will best serve the interests of creditors and the estate.

C. <u>Dismissal Is in the Best Interests of Creditors and the Estate.</u>

Once cause has been established, 11 U.S.C. 1112(b)(1) provides that the court "shall" convert or dismiss the case, "whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). Although the Bankruptcy Code does not provide any guidance for determining whether conversion or dismissal is in the best interests of creditors and the estate, Courts have enunciated the followings factors for guidance:

> (1) whether some creditors received preferential payments, whether equality of distribution would be better served by conversion rather than dismissal; (2) whether there would be a loss of rights granted in the case if it were dismissed rather than converted; (3) whether the debtor would simply file a further case upon dismissal; (4) the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors; (5) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise; (6) whether any remaining issues would be better resolved outside the bankruptcy forum; (7) whether the estate consists of a "single asset,"; (8) whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests; (9) whether a plan has been confirmed and whether any property remains in the estate to be administered; and (10) whether the appointment of a trustee is desirable to

supervise the estate and address possible environmental and safety concerns.

*In re Helmers*, 361 B.R. 190, 196-97 (Bankr. D. Kan. 2007) (citing 7 COLLIERS ON BANKRUPTCY ¶ 1112.04[6] (16th ed. 2011)). Based on these factors, dismissal is plainly in the best interests of creditors and the estate.

Addressing each of the factors in turn, there are no allegations of preferential payments or that equality of distribution will be undermined if the case is dismissed. Regarding factor (2), there is no indication that there will be any "loss of rights granted in the case" if it is dismissed, particularly given how little has happened in this case so far. Factor (3) is not applicable, as the Debtor is seeking dismissal rather than being forced into it. Factor (4) supports dismissal, because the Debtor essentially has no assets in its estate for a chapter 7 trustee to reach. Moreover, regarding factors (5) and (6), dismissal would best allow the Debtor to maximize its value and try to reach agreements to salvage its economic enterprise. Factor (7) supports dismissal, as the Debtor's sole currently monetizable asset consists of the Property. Factors (8) and (10) are not applicable, as there have been no allegations of misconduct or any other allegations that would suggest the need for appointment of a trustee. Lastly, factor (9) supports dismissal, as, at this time, there is essentially no property in the estate to be administered. Each of the relevant factors supports dismissal.

From a practical perspective, converting this case to chapter 7 rather than dismissing it would result in little, if any, benefit to creditors and the estate, particularly given that the Debtor has essentially no currently monetizable assets which could be used to pay the chapter 7 trustee or other creditors, and the Debtor's current out-of-court negotiations have some promise. Put most simply, there is no further purpose for administration of this case in bankruptcy.

Case 4:23-bk-02643-BMW    Doc 28    Filed 06/08/23    Entered 06/08/23 16:15:26    Desc
Main Document    Page 5 of 6

## III. Conclusion.

For the reasons expressed herein, the Debtor respectfully requests that the Court dismiss the Debtor's bankruptcy case.

DATED this 8th day of June, 2023.

OSBORN MALEDON, P.A.

By  /s/ Andrew B. Haynes
 Christopher C. Simpson
 Warren J. Stapleton
 Andrew B. Haynes
 2929 North Central Avenue
 21st Floor
 Phoenix, Arizona 85012-2793
 *Counsel for Diamond Elite Community LLC*

CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Amy Ebanks